JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
JILL L. SCHUBERT, SBN 305252
jill.schubert@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

# UNITED STATE DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| DOREENA GONZALES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>Action Filed:     November 10, 2021<br>Removal Filed:   December 30, 2021<br>Trial Date:        None set. |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DOREENA GONZALES AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. ("Defendant"), by and through the undersigned counsel, hereby removes the below-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b) and 1446.  Defendant removes this action on the grounds that: (a) there is complete diversity of citizenship between Plaintiff DOREENA GONZALES ("Plaintiff"), a citizen of the State of California, and Defendant, citizen of the States of Arkansas and Delaware; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a);

and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

## I.       THE STATE COURT ACTION

1.       On or about November 10, 2021, Plaintiff filed an action entitled "*Doreena Gonzales v Wal-Mart Associates, Inc., et al.*" in Santa Clara County Superior Court, Case Number 21CV391066 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.       On December 1, 2021, Plaintiff served Defendant with the Summons, Civil Case Cover Sheet, and Complaint.  A true and correct copy of the Summons and Civil Case Cover Sheet are attached hereto as **Exhibit B**.

3.       On December 29, 2021, Defendant filed and served its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

## II.      REMOVAL IS TIMELY

4.       A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and complaint).

5.       Here, removal is timely because it took place on December 30, 2021, within thirty days of Defendant's December 1, 2021 service date.

## III.     COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.       This timely Notice is based on complete diversity of the parties.  Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Arkansas.

7.       **Plaintiff is a citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090

(9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8.     As set forth in the Complaint, Plaintiff is a resident of the County of Santa Clara, State of California.  **Exhibit A**, Complaint, ¶ 1.  As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

9.     **<u>Defendant Is Not a Citizen of California</u>:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 1184.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination."  *Id.*

10.     Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1).  Specifically, Defendant, at the time this action was commenced, was (and still is) a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.  *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted,* No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.")

11.     Thus, Defendant was not and is not a citizen of the State of California but, rather, is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12.     **"Doe" Defendants' Citizenship**: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of "Does 1 through 50" in the Complaint cannot defeat diversity jurisdiction.

## IV.    THE JURISDICTIONAL MINIMUM IS EASILY MET

13.     This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

14.     As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiffs' claims exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.     "[A]s specified in § 1446(a), a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added).  To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's

allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy").

16.   **Compensatory Damages**: Plaintiff seeks lost income in the form of past and future earnings and benefits.  **Exhibit A**, Complaint, ¶¶ 23, 34, 43, 52, 58, 70 and Prayer for Judgment, pg. 15, ¶¶ 2-3.  Plaintiff alleges Defendant terminated her employment on November 27, 2019.  **Exhibit A**, Complaint, ¶ 15. Assuming Plaintiff has not secured new employment, she puts at issue at least twenty-five (25) months' worth of lost income to date, and assuming this case goes to trial in approximately twenty-seven (27) months, her back pay claim will seek at least four years of past wages and benefits.  *See* U.S. District Court–Judicial Caseload Profile, California Northern, June 30, 2020,   available   at   https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf (indicating that the average time to trial in the Northern District is 26.9 months).  At the time of her termination, Plaintiff was earning $16.47 per hour and working an average of 37 hours per week. Thus, assuming that Plaintiff has not found new employment at the time of trial in this case, her claim for lost income alone will be approximately $126,753 ($16.47 per hour x 37 hours per week x 208 weeks).

17.   **Emotional Distress**:   Plaintiff also seeks compensation for general damages including but not limited to, past and future "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms."  **Exhibit A**, Complaint, ¶¶ 24, 35, 44, 53, 59, 71, and Prayer for Judgment, pg. 15, ¶ 1.  Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy.   A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847

(Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Superior Court) (jury awarded $300,000 emotional distress damages for failure to accommodate claim); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge).  Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

18.   **Attorney's Fees**: Plaintiff also seeks attorneys' fees.  **Exhibit A**, Complaint, ¶¶ 25, 36, 45, 61, and Prayer for Judgment, pg. 15, ¶ 8.    Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  *See Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).  Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience).  *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a <u>default judgment</u>); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages).  Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment.  Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees.  Therefore, if Plaintiff is successful on her claims, she could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

19.   Accordingly, Plaintiff's claims for lost wages, emotional distress, and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.      VENUE

20.     Venue lies in this Court because Plaintiff's action is pending in this district and division.  *See* 28 U.S.C. § 1441(a).  Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Northern District of California because Plaintiff filed this case in the Superior Court of California, County of Santa Clara.  Additionally, Defendant is informed and believe that the events allegedly giving rise to this action occurred within this judicial district.

## VI.     SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

21.     In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A-C** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant.  As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint.  As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Santa Clara.

## VII.    CONCLUSION

22.     Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

23.     In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  December 30, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  */s/ Jill L. Schubert*
     James T. Conley
     Jill L. Schubert

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

49712164.v1-OGLETREE
49771271.v1-OGLETREE

# EXHIBIT A

E-FILED
11/10/2021 2:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV391066
Reviewed By: R. Cachux

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**DOREENA GONZALES**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA - DOWNTOWN

|  |  |
|---|---|
| DOREENA GONZALES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br>Defendants. | Case No.: 21CV391066<br><br>COMPLAINT FOR:<br><br>1. **SEXUAL HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>2. **FAILURE TO PREVENT HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>3. **RETALIATION IN VIOLATION OF FEHA;**<br>4. **VIOLATION OF LABOR CODE § 1102.5;**<br>5. **VIOLATION OF LABOR CODE § 6310;**<br>6. **REST PERIOD VIOLATIONS;**<br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

Plaintiff, DOREENA GONZALES, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff, DOREENA GONZALES (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Santa Clara.

2. Plaintiff is informed, believes, and based thereon alleges that, at all times material herein, Defendant WAL-MART ASSOCIATES, INC. (hereinafter "WAL-MART") was a Delaware corporation doing business in the State of California, County of Santa Clara.

*Left margin:* JML LAW — A Professional Law Corporation — 5855 Topanga Canyon Blvd., Suite 300 — Woodland Hills, CA 91367

3. DOES 1 through 50, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants.

4. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint employer, and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7. Finally, Defendants are liable for the acts of their employees under the doctrine of respondeat superior and via conspiracy liability. Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take said actions.

1    8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

2    Defendants shall refer to all Defendants, and each of them.

3    9. The jurisdiction of this Court is proper for the relief sought herein, and the amount

4    demanded by Plaintiff exceeds $25,000.

5    ### **FACTUAL ALLEGATIONS**

6    10. In or about November 2017, Defendant hired Plaintiff as a Loss Prevention Door Host.

7    Plaintiff's main job duty was to serve as a potential deterrent to criminal activity by maintaining

8    a highly visible presence as security for Defendant's storefront. Throughout Plaintiff's tenure

9    with Defendant, she became a valued and integral employee of Defendant's organization.

10   11. In or about August 2019, Defendant's other Loss Prevention Door Host, Elisa Nunez

11   ("Nunez") began harassing Plaintiff. Specifically, Nunez constantly explained sexually explicit

12   scenarios she did with her boyfriend to Plaintiff. Plaintiff told Nunez to please stop talking to her

13   about sexually explicit scenarios, but Nunez continued. Plaintiff complained about the Nunez's

14   inappropriate behavior to Defendant's Supervisors, Rosa ("Last Name Unknown") and Maria

15   ("Last Name Unknown"). Despite her complaints, Defendant kept Nunez working with Plaintiff

16   and failed to prevent the harassment.

17   12. In or about August 2019, Plaintiff complained to her Supervisors, Gladys ("Last Name

18   Unknown") and Edgar ("Last Name Unknown"), about her work area smelling like natural gas.

19   Plaintiff urged Gladys to call the fire department because the work area continued to smell like

20   natural gas, but Gladys refused. About four hours after Plaintiff's initial request, Gladys finally

21   obliged and called the fire department. The fire department evacuated the store, shut down the

22   gas line, and told Defendant that if it had not called the fire department, the building could have

23   blown up.

24   13. Following Plaintiff's complaints, she applied for the Office Loss Prevention position

25   but kept being denied. Plaintiff inquired as to why she was being denied for the position, but she

26   was never given an answer.

27   14. In November 2019, Plaintiff informed Defendant that it had accidently given her $700.

28   After this information was brought to Defendant by Plaintiff, Defendant immediately demanded

1    the money back. Plaintiff informed Defendant that she could only give Defendant $120 at the

2    current moment but that she was going to nevertheless pay back the money within the next week.

3    In response, Defendant told Plaintiff to keep the money because she was going to be terminated.

4        15. On November 27, 2019, Defendant terminated Plaintiff because they claimed she took

5    money out of Defendant's register. Plaintiff did not take money out of the register as she was not

6    even working the money service area. Defendant wrongfully terminated Plaintiff in retaliation

7    for her protected complaints.

8        16. Throughout her tenure, Defendant also failed to provide Plaintiff with 10-minute rest

9    breaks, approximately three times a week due to a lack of coverage.

10       17. Plaintiff further exhausted her administrative remedies by filing a complaint with the

11   Department of Fair Housing and Employment ("DFEH") on November 9, 2021.  The DFEH

12   issued Plaintiff an immediate right-to-sue letter on November 9, 2021.

### FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against WAL-MART and DOES 1 through 50)

16       18. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

17   forth herein.

18       19. At all times herein mentioned, California Government Code § 12940 et seq., was in

19   full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

20   or more persons.  California Government Code § 12940(j) requires Defendants to refrain from

21   sexually harassing its employees.

22       20. The sexually harassing conduct and harassing comments were severe and/or pervasive

23   enough to create a work environment that a reasonable person would consider intimidating,

24   hostile, or abusive.

25       21. Defendants failed to take immediate appropriate corrective action.  Defendants failed

26   to properly train its supervisors regarding how to handle harassment and complaints of

27   harassment. Defendants failed to take reasonable action to prevent further harassment from

28   occurring.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

22. The above said acts of Defendants constitute harassment in violation of California Government Code § 12940 et seq.

23. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

24. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

26. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent harassment against and upon employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

//
//
//
//
//

**SECOND CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT**

**IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against WAL-MART and DOES 1 through 50)**

27. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

28. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants. These sections impose on an employer a duty to conduct a timely and good faith investigation of allegations of harassment, to take immediate and appropriate corrective action to end harassment and take all reasonable steps necessary to prevent harassment from occurring, among other things.

29. Defendants failed to conduct a reasonable and good faith investigation of Plaintiff's complaints, and failed to take reasonable action to prevent further harassment from occurring. As a result, the harassment of Plaintiff continued.

30. Defendants' aforementioned conduct caused Plaintiff to suffer severe emotional distress, including but not limited to anxiety, stress, and depression.

31. The above-described acts of created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired the conditions of Plaintiff's employment and Plaintiff's emotional well-being. Defendants' conduct was a concerted pattern of harassment of a repeated, routine and generalized nature.

32. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

33. Defendants failed to fulfill its statutory duty to timely take immediate and appropriate corrective action to end the harassment and also failed to take all reasonable steps necessary to prevent the harassment from occurring.

34. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and

6

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   benefits, and the intangible loss of employment related opportunities in her field and damage to

2   her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

3   such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any

4   other provision of law providing for prejudgment interest.

5       35. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

6   continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

7   as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

8   alleges that she will continue to experience said physical and emotional suffering for a period in

9   the future not presently ascertainable, all in an amount subject to proof at the time of trial.

10      36. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

11  hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

12  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

13  fees and costs under California Government Code § 12965(b).

14      37. Defendants had in place policies and procedures that specifically prohibited and

15  required Defendants' managers, officers, and agents to prevent harassment against and upon

16  employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified,

17  and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

18  awarded exemplary and punitive damages against Defendants in an amount to be established that

19  is appropriate to punish Defendants and deter others from engaging in such conduct.

20      38. Furthermore, Plaintiff is informed and believes and based thereon alleges that

21  Defendants had a pattern and practice of harassing employees. Plaintiff should, therefore, be

22  awarded exemplary and punitive damages against each Defendant in an amount to be established

23  that is appropriate to punish Defendants and deter others from engaging in such conduct.

24  //

25  //

26  //

27  //

28  //

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**THIRD CAUSE OF ACTION**

**RETALIATION**

**IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against WAL-MART and DOES 1 through 50)**

39. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

40. California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has engaged in protected activity under the FEHA, including complaining about sexual harassment.

41. At all times herein mentioned, California Government Code § 12940, et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

42. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of California Government Code § 12940(h).

43. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

44. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

45. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

1    to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

2    recover attorneys' fees and costs under California Government Code § 12965(b).

3         46. Defendants had in place policies and procedures that specifically prohibited and

4    required Defendants' managers, officers, and agents to prevent retaliation against and upon

5    employees of Defendants. Defendants' managers, officers, and/or agents were aware of

6    Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

7    prevent retaliation for complaints of sexual harassment against and upon employees of

8    Defendants. However, Defendants' managers, officers, and agents chose to consciously and

9    willfully ignore said policies and procedures and therefore, their outrageous conduct was

10   fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

11   and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted,

12   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

13   above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

14   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

15   others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

**(Against WAL-MART and DOES 1 through 50)**

19        47. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

20   forth herein.

21        48. At all times mentioned herein California Labor Code section 1102.5, *et seq.* were in

22   full force and effect and were binding on Defendants and each of them.

23        49. California Labor Code § 1102.5(a) provides: "An employer, or any person acting on

24   behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy

25   preventing an employee from disclosing information to a government or law enforcement

26   agency, to a person with authority over the employee, or to another employee who has authority

27   to investigate, discover, or correct the violation or noncompliance, or from providing information

28   to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the

9

1   employee has reasonable cause to believe that the information discloses a violation of state or

2   federal statute, or a violation of or noncompliance with a local, state, or federal rule or

3   regulation, regardless of whether disclosing the information is part of the employee's job duties."

4          50. California Labor Code § 1102.5(b) provides: "An employer, or any person acting on

5   behalf of the employer, shall not retaliate against an employee for disclosing information, or

6   because the employer believes that the employee disclosed or may disclose information, to a

7   government or law enforcement agency, to a person with authority over the employee or another

8   employee who has the authority to investigate, discover, or correct the violation or

9   noncompliance, or for providing information to, or testifying before, any public body conducting

10  an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the

11  information discloses a violation of state or federal statute, or a violation of or noncompliance

12  with a local, state, or federal rule or regulation, regardless of whether disclosing the information

13  is part of the employee's job duties."

14         51. The retaliatory termination was a proximate cause of Plaintiff's complaints regarding

15  the unsafe working conditions as stated herein.

16         52. As a proximate result of the aforesaid acts of Defendant, Plaintiff lost, and will

17  continue to lose, earnings and benefits and has suffered and/or will suffer other actual,

18  consequential and incidental financial losses, in an amount to be proven at trial in excess of the

19  jurisdictional minimum of this court.  Plaintiff claims such amounts as damages together with

20  prejudgment interest pursuant to California Civil Code § 3287 and/or § 3288 and/or any other

21  provision of law providing for prejudgment interest.

22         53. As a proximate result of the aforesaid acts of Defendant, Plaintiff is mentally upset,

23  distressed, embarrassed, humiliated, and aggravated.  As a result of the acts of retaliation,

24  Plaintiff has suffered harm to her reputation.  Plaintiff claims general damages for such mental

25  and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this

26  court.

27         54. Plaintiff is informed and believes and based thereon alleges that Defendants had in

28  place policies and procedures that specifically forbid Defendants' managers, officers, and agents

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   from retaliating against employees who engaged in protected activity such as opposing or

2   complaining about Defendants' unlawful activity. Defendants' managers, officers, and/or agents

3   were aware of Defendants' policies and procedures prohibiting retaliating in this manner.

4   However, Defendants' managers, officers, and/or agents chose to consciously and willfully

5   ignore said policies and procedures and therefore, their outrageous conduct was fraudulent,

6   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

7   and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

8   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

9   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

10  amount to be established that is appropriate to punish each Defendant and deter others from

11  engaging in such conduct.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 6310

### (Against WAL-MART and DOES 1 through 50)

15  55. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if

16  fully set forth at this place.

17  56. At all times mentioned herein California Labor Code section 6310 was in full

18  force and effect and was binding on Defendants and each of them.

19  57. California Labor Code section 6310(b) states in pertinent part, "Any employee who

20  is discharged, threatened with discharge, demoted, suspended, or in any other manner

21  discriminated against in the terms and conditions of employment by his or her employer because

22  the employee has made a bona fide oral or written complaint to . . . his or her employer, or his or

23  her representative, of unsafe working conditions, or work practices, in his or her employment or

24  place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and

25  work benefits caused by the acts of the employer."

26  58. As a proximate result of the aforesaid acts of Defendants and each of them,

27  Plaintiff has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or

28  will suffer other actual, consequential and incidental financial losses, in an amount to be proven

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   at trial in excess of the jurisdictional minimum of this court.  Plaintiff claims such amounts as

2   damages together with prejudgment interest pursuant to California Civil Code § 3287 and/or §

3   3288 and/or any other provision of law providing for prejudgment interest.

4        59. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

5   has become mentally upset, distressed, embarrassed, humiliated, and aggravated.  As a result of

6   the acts of retaliation, Plaintiff suffered harm to her reputation.  Plaintiff claims general damages

7   for such mental and physical distress and aggravation in a sum in excess of the jurisdictional

8   minimum of this court.

9        60. Defendants had in place policies and procedures that specifically prohibited and

10  required Defendants' managers, officers, and agents to prevent retaliation against and upon

11  employees of Defendants.  All Defendants' managers, officers, and/or agents of Defendants were

12  aware of Defendants' policies and procedures requiring Defendants' managers, officers, and

13  agents to prevent, and investigate retaliation against and upon employees of Defendants.

14  Furthermore, Defendants' managers maintained broad discretionary powers regarding staffing,

15  managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy

16  and practice in the defendant's facilities.  However, Defendants' managers consciously and

17  willfully ignored said policies and procedures and therefore, their outrageous conduct was

18  fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

19  and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted,

20  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

21  above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

22  Defendant in an amount to be established that is appropriate to punish each Defendant and deter

23  others from engaging in such conduct.

24       61. As a proximate result of the wrongful acts of Defendants, and each of them,

25  Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

26  expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

27  entitled to recover attorneys' fees and costs under the California Labor Code.

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Against WAL-MART and DOES 1 through 50)

62. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

63. California Labor Code § 226.7 states that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

64. During the relevant time period, Employer Defendants willfully required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  Employer Defendants also had no policy and/or practice to pay a premium when rest periods were missed, and thus failed to pay Plaintiff the full rest period premiums due to him.

65. As such, Plaintiff did not receive ten (10) minute rest periods for every four (4) hours of work or major fraction thereof, as mandated by the California Labor Code and the IWC Wage Order No. 5-2001. Furthermore, Plaintiff did not receive compensation at the rate of one hour's pay for each day she was deprived of her rest period(s).

66. Plaintiff is entitled to one (1) additional hour of pay per day that Defendants denied her an uninterrupted rest period.

### SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against WAL-MART and DOES 1 through 50)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this place.

68. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with such unlawful directions by discharging an employee who refuses to follow such an order . . ." *Tameny, supra*, 27 Cal.3d at p. 178.

69. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

70. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

71. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

72. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  For general damages, according to proof;

2.  For special damages, according to proof;

3.  For loss of earnings, according to proof;

4.  For statutory penalties for wage and hour violations, according to proof;

5.  For civil penalties for the above Labor Code sections;

6.  For declaratory relief, according to proof;

7.  For injunctive relief, according to proof;

8.  For attorneys' fees, according to proof;

9.  For prejudgment interest, according to proof;

10. For punitive and exemplary damages, according to proof;

11. For costs of suit incurred herein;

12. For interest accrued to date;

13. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action set forth herein.

DATED:      November 10, 2021            JML LAW, A Professional Law Corporation

By: _*Shahla Jalil-Valles*_

JOSEPH M. LOVRETOVICH

ERIC M. GRUZEN

SHAHLA JALIL-VALLES

Attorneys for Plaintiff

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>WAL-MART ASSOCIATES, INC., a Delaware corporation; and DOES<br>1 through 50, inclusive;<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DOREENA GONZALES, an individual; | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>11/10/2021 2:30 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV391066<br>Reviewed By: R. Cachux<br>Envelope: 7644082 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>SANTA CLARA COUNTY SUPERIOR COURT<br>191 North First Street San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br><br>21CV391066 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367  (818) 610-8800

| DATE:<br>*(Fecha)* | 11/10/2021 2:30 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Cachux | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wal-Mart Associates, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles (73403; 222448; 327827)<br>JML LAW, APLC<br>5855 Topanga Canyon Boulevard, Suite 300<br>Woodland Hills, CA 91367 | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara, |

TELEPHONE NO.: (818) 610-8800   FAX NO.: (818) 610-3030
ATTORNEY FOR *(Name):* Plaintiff, DOREENA GONZALES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: SANTA CLARA - DOWNTOWN

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/10/2021 2:30 PM
Reviewed By: R. Cachux
Case #21CV391066
Envelope: 7644082

CASE NAME:
GONZALES v. WAL-MART ASSOCIATES, INC., ET AL.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21CV391066 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter  □ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- □ Auto (22)
- □ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- □ Asbestos (04)
- □ Product liability (24)
- □ Medical malpractice (45)
- □ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- □ Business tort/unfair business practice (07)
- □ Civil rights (08)
- □ Defamation (13)
- □ Fraud (16)
- □ Intellectual property (19)
- □ Professional negligence (25)
- □ Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- □ Other employment (15)

**Contract**
- □ Breach of contract/warranty (06)
- □ Rule 3.740 collections (09)
- □ Other collections (09)
- □ Insurance coverage (18)
- □ Other contract (37)

**Real Property**
- □ Eminent domain/Inverse condemnation (14)
- □ Wrongful eviction (33)
- □ Other real property (26)

**Unlawful Detainer**
- □ Commercial (31)
- □ Residential (32)
- □ Drugs (38)

**Judicial Review**
- □ Asset forfeiture (05)
- □ Petition re: arbitration award (11)
- □ Writ of mandate (02)
- □ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- □ Antitrust/Trade regulation (03)
- □ Construction defect (10)
- □ Mass tort (40)
- □ Securities litigation (28)
- □ Environmental/Toxic tort (30)
- □ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- □ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- □ RICO (27)
- □ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- □ Partnership and corporate governance (21)
- □ Other petition *(not specified above)* (43)

2. This case □ is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case □ is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/10/2021

Eric M. Gruzen; Shahla Jalil-Valles
(TYPE OR PRINT NAME)

▶ *Shahla Jalil-Valles*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

EXHIBIT C

1  JAMES T. CONLEY, SBN 224174
   james.conley@ogletree.com
2  JILL L. SCHUBERT, SBN 305252
   jill.schubert@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:    916-840-3150
   Facsimile:    916-840-3159
6
   Attorneys for Defendant
7  WAL-MART ASSOCIATES, INC.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/29/2021 5:33 PM
Reviewed By: V. Castaneda
Case #21CV391066
Envelope: 7954796**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF SANTA CLARA - DOWNTOWN**

10

11  DOREENA GONZALES, an individual;          Case No. 21CV391066

12              Plaintiff,                     **DEFENDANT WAL-MART ASSOCIATES,
                                              INC.'S ANSWER TO PLAINTIFF**
13       vs.                                  **DOREENA GONZALES' COMPLAINT**

14  WAL-MART ASSOCIATES, INC., a Delaware
    corporation; and DOES 1 through 50, inclusive;
15                                            Action Filed:    November 10, 2021
                Defendants.                   Trial Date:      None set.
16

17        Defendant WAL-MART ASSOCIATES, INC. ("Defendant") hereby answers the Original

18  Complaint ("Complaint") filed by Plaintiff DOREENA GONZALES ("Plaintiff"):

19                      **GENERAL AND SPECIFIC DENIALS**

20        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

21  Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

22  and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in

23  any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act

24  or omission by any agent or employee of Defendant.  Defendant further denies, generally and

25  specifically, that Plaintiff is entitled to any relief whatsoever.

26  ///

27  ///

28  ///

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

## FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

## FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SIXTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly subject to discrimination, harassment, and/or retaliation.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Penalty)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to any penalty, including but not limited to, penalties awarded under California Labor Code sections 98.6, 210, 226.3, 226.7, 558, 1102.5 and 1174.5. and IWC Order No. 7-2021, because, at all relevant times, Defendant did not willfully fail to comply with the compensation provisions of California law, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

///

///

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Not a Covered Employer)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employer at the time the alleged wrongful conduct occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Same Decision Limits Remedies)

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Unconstitutionality of Penalties)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff is not entitled to recover any punitive or penal damages, such as those Plaintiff seeks under California Labor Code sections 98.6, 210, 226.3, 226.7, 558, 1102.5 and 1174.5. and IWC Order No. 7-2021, and any award of such penalties or damages would, in general or under the facts of Plaintiff's

particular claims, violate Defendant's constitutional rights under the provisions of the United States and California Constitutions.

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  December 29, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
James T. Conley
Jill L. Schubert

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

49629792.v1-OGLETREE

1

## PROOF OF SERVICE

2

***Doreena Gonzales v. Wal-Mart Associates, Inc.***
**Santa Clara County Superior Court Case No.  21CV391066**

3

4

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made.  My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814. My email address is:  noreen.witt@ogletree.com.

5

6

7

On December 29, 2021, I served the following document(s):

8

## DEFENDANT WAL-MART ASSOCIATES, INC.'S ANSWER
## TO PLAINTIFF DOREENA GONZALES' COMPLAINT

9

10

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the following party(ies):

11

Joseph M. Lovretovich          *Attorneys for Plaintiff*
Eric M. Gruzen                     DOREENA GONZALES
Shahla Jalil-Valles
JML LAW
5855 Topanga Blvd., Suite 300
Woodland Hills, CA  91367
jml@jmllaw.com
egruzen@jmllaw.com
shahla@jmllaw.com

12

13

14

15

16

17

☐      **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18

19

20

☐      **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Sacramento, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

21

22

23

24

25

☒      **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the above service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

26

27

28

☒      **(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

MASTER PROOF
OF SERVICE -

☐     **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 29, 2021, at Sacramento, California.

*Noreen F. Witt*

_____
Noreen Witt

MASTER PROOF
OF SERVICE -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28